## CIRCUIT COURT OF THE CITY OF RICHMOND

Southern General
Construction, Inc.

v.

Cathedral Stoneworks

December 7, 1993

Case No. LU-4150–3

BY JUDGE T. J. MARKOW

The parties appeared on November 24, 1993, by counsel and witnesses, for trial by the court on the issues joined. Evidence was presented and argument was heard.

The court finds that the plaintiff, a subcontractor, invited bids from several sources, including the defendant material supplier, to supply limestone facing for a project it was bidding for. Defendant submitted the low bid on which plaintiff's bid to the general contractor was based. The plaintiff's bid was accepted by the general; however, defendant's proposal which was dated July 20, 1992, was never accepted until defendant had communicated its withdrawal of the offer.

Between the time the general accepted the plaintiff's bid in early July, 1992, and the time defendant withdrew its offer, defendant undertook to prepare shop drawings (for which there was a separate and specific contract) and to build a "mock up" or model piece of the stone it was to ultimately supply for the building. Before any stone was to be supplied, the shop drawings and the mock up had to be approved by the project architect. The shop drawings were not approved and the defendant could never complete its mock up because of what it said was a significant discrepancy between the architect's drawings and its interpretation of the depth of the stone face (1″ versus 3″).

In September when the discrepancy was discovered, defendant withdrew its bid and refused to go forward. Plaintiff claims damages for additional costs in completing the project with another supplier.

The plaintiff relies on promissory estoppel to support its claim. It argues that all elements of promissory estoppel are present: (1) the promisor should reasonably expect his promise to induce action or forbearance by the promisee, (2) the promise does induce such action or forbearance, and (3) enforcement of the promise is necessary to avoid injustice to the promisee. *Dulany Foods v. Ayers*, 220 Va. 502, 515 (1979), Poff dissenting referring to Restatement (Second) of Contracts § 90(1). While there is no Virginia authority expressly adopting § 90 of the Restatement, this court is of the opinion that it accurately states the law in Virginia.

If held not to apply, there could be severe disruption in the construction industry which relies upon the concept in the routine process of bidding and contracting for goods and services.

In the case at bar, both parties anticipated a formalized written contract. Promissory estoppel would be applied to these facts to prevent the defendant from withdrawing its bid within a short period; *i.e.*, before the contract could be formalized and reduced to writing to the detriment of the plaintiff general. That did not happen, however.

What occurred is that after using the defendant's bid as a basis for its contract with the general, the plaintiff began to hedge its bet. It changed price terms by requiring defendant to provide a bid bond and it insisted on a C.O.D. discount. Further, it required defendant to prepare shop drawings and the mock-up, I believe, to assure that defendant could perform if the contract was awarded.

While promissory estoppel applies in cases such as this, it is not necessary here to protect the plaintiff from an injustice. Any injustice could have been prevented by properly contracting with the defendant. That was not done; there was ample time to have done so.

The plaintiff cannot prevail. Judgment will be entered for the defendant.